**IN THE COURT OF APPEALS OF IOWA**

No. 22-1140
Filed September 21, 2022

**IN THE INTEREST OF S.G. and R.W.,**
**Minor Children**

**C.W., Mother,**
         Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.


        A mother appeals the termination of her parental rights to two children.

**AFFIRMED.**


        Andrew J. Tullar of Herting Law, PLLC, Des Moines, for appellant mother.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Meegan M. Keller of Keller Law Office, Altoona, attorney and guardian ad

litem for minor children.


        Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

C.W. appeals the termination of her parental rights to two children, S.G. and R.W. She contends that the circumstances leading to adjudication no longer exist, termination is not in the best interests of either child, and an exception should apply to one child who is in the care of a relative. Upon our de novo review, we affirm termination of her parental rights to both children.

### I.   *Background Facts and Proceedings.*

C.W. first became involved with the Iowa Department of Health and Human Services (DHHS) in 2013. Since then, her parental rights to three children have been terminated. Two additional children, besides those involved in this appeal, currently reside with family members. The children presently at issue are R.W.[1], who is five years old, and S.G.[2], who is less than one year old.

R.W.'s case began in August 2020 when the DHHS received reports that her mother used methamphetamine and got into a physical altercation with her former paramour in R.W.'s presence. The mother had recently returned a probation-related drug test that was positive for methamphetamine. She did not have consistent housing and stayed in hotels or with various individuals, including her mother. She agreed to place R.W. with her mother and not have unsupervised contact. Shortly thereafter, C.W. entered in-patient substance-abuse treatment but chose to leave after four days. After her failure to follow through with out-patient treatment and comply with the safety plan, R.W. was adjudicated a child in need of assistance in October 2020.

---

[1] R.W.'s father is reportedly deceased.
[2] The parental rights of S.G.'s father were also terminated, and he does not appeal.

Thereafter, the mother's pattern of drug use continued. She was unsuccessfully discharged from in-patient treatment in August 2021. In September, S.G. was born. Her cord test returned positive for methamphetamine, amphetamines, and THC. The DHHS did not approve C.W. to live with her mother and the children due to lack of cooperation throughout the case. The children left their grandmother's home in November. S.G. was placed with a friend of the family, while R.W. was placed with her maternal aunt. The mother was residing variously in her car or in the hotel where her boyfriend was residing. She was arrested in November and has been incarcerated since then. She pled guilty to third-degree burglary, and she was already on probation for burglary and forgery. The court sentenced her to indeterminate confinement not to exceed fifteen years with no mandatory minimum. At the time of the termination hearing in June 2022, the mother had served seven months in prison and hoped to be released on parole within a matter of months. The court terminated C.W.'s parental rights to both children. C.W. filed a timely appeal.

## II. Review.

Our review of termination proceedings is de novo. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted). We give weight to the juvenile court's fact findings, especially those

about witness credibility, although they are not binding. *See* Iowa R. App. P. 6.904(3)(g); *C.B.*, 611 N.W.2d at 492.

### III.  Discussion.

Iowa courts use a three-step analysis to review the termination of parental rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Those steps include whether: (1) grounds for termination have been established, (2) termination is in the children's best interests, and (3) we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. Here, the juvenile court found the State proved by clear and convincing evidence three grounds for terminating the mother's parental rights for each child. We may affirm if the record supports termination on any one ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We note the mother does not contest the grounds supporting termination pursuant to paragraphs (f) (as to R.W.) and (h) (as to S.G.) of Iowa Code section 232.116(1) (2022). Rather, she contends termination is not in the best interests of the children. By not challenging termination under paragraph (f) as to R.W. and (h) as to S.G., the mother has waived any claim of error on that ground. *See In re N.N.*, No. 21-1978, 2022 WL 610318, at *1 (Iowa Ct. App. Mar. 2, 2022) (holding failure to challenge one of the grounds for termination results in waiver of any claim of error on that ground). Accordingly, we affirm the juvenile court's conclusion that those statutory grounds for termination have been established.

In determining best interests, we look to the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010). That provision requires that we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the

child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the children's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

We may glean insight to a child's future "from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." *A.B.*, 815 N.W.2d at 778 (citation omitted). Here, the mother's track record is not favorable. Her parental rights have been terminated with respect to three other children. She has struggled to maintain housing and battled with substance abuse for many years now. We cannot say that the mother has demonstrated promise toward offering a safe and permanent home for the children. We will not deprive the children of permanency based on the hope that someday the mother will be able to do so. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). Furthermore, the children are each in stable homes with their respective placements. Each placement presents a long-term option and offers the opportunity for the children to maintain a relationship with each other and their siblings. *See* Iowa Code § 232.116(2)(b); *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (noting a child's favorable integration into a foster placement supports finding termination is in the child's best interests).

Finally, the mother argues against termination of her rights to R.W. because this child is in the custody of her maternal aunt.[3] *See* Iowa Code § 232.116(3)(a) (stating the court "need not terminate the relationship between the parent and child

---

[3] The mother requested a guardianship during the termination hearing but does not renew this request on appeal.

if the court finds . . . [a] relative has legal custody of the child"). The provisions of section 232.116(3) are "permissive, not mandatory." *A.S.*, 906 N.W.2d at 475 (Iowa 2018). The decision to use section 232.116(3) to save the parent-child relationship is discretionary and depends on the facts of each case. *Id.* Here, we decline to preserve the mother's parental rights based on the child's familial placement. "An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child." *Id.* (citation omitted). We instead look to the child's best interests. *See id.* Having done so, we conclude the children's best interests are served by termination.

**AFFIRMED.**